# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

AUUE, INC.                                          :   No. 328 WAL 2021
                                                    :
                                                    :
                                                    :
            v.                                      :   Petition for Allowance of Appeal from
                                                    :   the Order of the Commonwealth
                                                    :   Court
BOROUGH OF JEFFERSON HILLS                          :
ZONING HEARING BOARD                                :
AND BOROUGH OF JEFFERSON HILLS                      :
AND 68 RESIDENTS OF JEFFERSON                       :
HILLS                                               :
                                                    :
                                                    :
PETITION OF: RESIDENTS OF                           :
JEFFERSON HILLS                                     :


## ORDER


**PER CURIAM**

   **AND NOW**, this 22nd day of June, 2022, the Petition for Allowance of Appeal is

**GRANTED**.  The issues, as stated by Petitioners, are:


   (1)   Where it is proven that a developer's zoning permit application
         violates the zoning ordinance, does the zoning hearing board
         have authority under the Pennsylvania Municipalities
         Planning Code ("MPC") and local zoning ordinance to
         overturn the zoning officer's issuance of a zoning permit
         because of those proven violations?

   (2)   Did the Commonwealth Court err in holding that a zoning
         hearing board, when considering an application for a zoning
         permit, cannot resolve "extant zoning matters" or review a
         permit application for "overall compliance with the zoning
         ordinance, but instead must ignore proven zoning ordinance
         violations and only answer the narrow legal question of

whether a particular use is allowable as a "use by right" under a single subsection of the ordinance?

(3)     Can a zoning officer, when evaluating an application for a zoning permit, ignore zoning ordinance violations apparent on the face of the developer's application and, instead, defer to elected officials to address those zoning ordinance violations at some unidentified point in the "land development process?"

(4)     Does it constitute an inadmissible advisory opinion for a zoning officer, in response to a zoning permit application, to only provide a legal opinion that a particular use is allowed in a zoning district without considering any other part of the application or zoning ordinance?